

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Abdel-Whab v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2406

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Abdel-Whab v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2406
_____

USAMA SADIK ABDEL-WHAB,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A79 120 260
on March 28, 2005

_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2005

Before: ROTH, RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed  January 6, 2006)

_____

OPINION
_____

<u>PER CURIAM</u>

Usama Sadik Abdel-Whab petitions for review of a March 28, 2005 decision of

the Board of Immigration Appeals, denying his second motion to reopen as numerically

barred.  We will deny the petition.

We review the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003).[1] Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As Abdel-Whab's motion was numerically barred by the regulations, the Board did not abuse its discretion in denying the motion.

Abdel-Whab argues that the Board should have construed his motion as one to reconsider, as he was challenging the Board's decision to deny his previous motion to reopen.[2] First, because he attached documentation to try to show that the Board had incorrectly denied his first motion to reopen as untimely, we cannot say that the Board abused its discretion in characterizing the motion as one to reopen. See 8 C.F.R. § 1003.2(c)(1) (noting that a motion to reopen must be accompanied by any supporting documentation).

However, even if the Board had considered the motion as one to reconsider, we note that it would have likely denied the motion. Abdel-Whab argued that his first motion to reopen was timely because he provided it to prison officials within the time limitations. However, the Board has determined that the rule of Houston v. Lack, 487

---

[1] This court's review does not extend to any of the BIA's orders entered before March 28, 2005, because the petition for review was only timely as to that order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

[2] This court would also review the Board's denial of a motion for reconsideration for abuse of discretion. Nocon, 789 F.2d at 1029.

U.S. 266 (1988) (holding that a prisoner's pro se appeal of a habeas denial was deemed "filed" at the moment it was delivered to prison officials for mailing to the district court) is not applicable in determining the timeliness of a motion to reopen filed with the Board. In re: J- J-, 21 I&N Dec. 976, 982 (BIA 1997). The Board noted that its regulations (now found at 8 CFR § 1003.38) provide that the date of filing of a notice of appeal is the date the notice is received by the Board. Id. The Board determined that in order to be consistent, it should similarly apply the timeliness rule for appeals to motions to reopen or reconsider. Id. at 983-84. Thus, even if the Board here had considered Abdel-Whab's arguments that he timely gave his motion to prison officials, it likely would have denied the motion to reconsider.[3]

Abdel-Whab has not shown that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). We will therefore deny the petition.[4]

---

[3] We note that Abdel-Whab made no argument whatsoever regarding the Board's denial of his first motion to reopen in the petition filed in this Court at No. 04-4794 (he instead attempted to challenge the underlying removal order), even though that petition could have been a timely challenge to that decision.

[4] The Government's motion for summary affirmance is denied as moot